**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA**

FILED

2010 APR 22 P 12: 39

CLERK, US DISTRICT COURT
[illegible] FLORIDA

**SIERRA BRONNER**

>   **Plaintiff,**

>   **v.**

**ACCOUNTS RECEIVABLE MANAGEMENT, INC.;
AR RESOURCES, INC.;
BUSINESS REVENUE SYSTEMS, INC.;
BAPTIST HEALTH SYSTEM, INC.;
CITY OF JACKSONVILLE;
DRS MORI, BEAN & BROOKS, P.A.;
JACKSONVILLE PATHOLOGY CONSULTANT, P.A.**

>   **Defendants.**

**Judge:**

**Case no:**

3:10-cv-342-J-99TJe-JRK

_____/

## ORIGINAL COMPLAINT

Comes now, the Plaintiff, **Sierra Bronner** (hereinafter the

"**Plaintiff**"), on behalf of herself and by and through undersigned counsel,

who files this original complaint against the Defendants, **Accounts**

**Receivable Management, Inc.** , (hereinafter "**ARM**"), **AR Resources,**

**Inc.** , (hereinafter "**ARR**"), **Business Revenue Systems, Inc.** (hereinafter

"**BRS**"), **BAPTIST HEALTH SYSTEM, INC.** (hereinafter "**BAPTIST**"), **CITY**

**OF JACKSONVILLE** (hereinafter "**CITY**"), **DRS. MORI, BEAN & BROOKS,**

**P.A.,** (hereinafter "**DMBB**"), **JACKSONVILLE PATHOLOGY CONSULTANT,**

Page **1** of **17**

**P.A.** (hereinafter "**PATHOLOGY**") and in support thereof would state the following:

## JURISDICTION AND VENUE

1. This is an action for damages brought by an individual consumer against the named defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq., (hereinafter the "**FDCPA**"), and the Florida Consumer Collection Practices Act – Fla. Stat. §§ 559 *et seq.,* (hereinafter the "**FCCPA**").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d). Supplemental jurisdiction rests upon 28 U.S.C. § 1367.

3. The Defendant **ARM** is a business entity that regularly conducts business in the State of Florida and, as such, is a citizen of the State of Florida. **ARM** is a "debt collector" as defined by the **FDCPA** and as it uses interstate commerce in a business for which the principal purpose is to collect debts.

4. The Defendant **ARR** is a business entity that regularly conducts business and collection activity in the State of Florida and, as such, is a citizen of the State of Florida. **ARR** is a "debt collector" as defined by the **FDCPA** and as it uses interstate commerce in a business for which the principal purpose is to collect debts.

5. The Defendant **BRS** is a business entity that regularly conducts business and collection activity in the State of Florida and, as such, is a citizen of

the State of Florida. **BRS** is a "debt collector" as defined by the **FDCPA** and as it uses interstate commerce in a business for which the principal purpose is to collect debts.

6. The Defendant **BAPTIST** is a business entity that regularly conducts business in the State of Florida and, as such, is a citizen of the State of Florida.

7. The Defendant **CITY** is a business entity that regularly conducts business and collection activity in the State of Florida and, as such, is a citizen of the State of Florida.

8. The Defendant **DMBB** is a business entity that regularly conducts business and collection activity in the State of Florida and, as such, is a citizen of the State of Florida.

9. The Defendant **PATHOLOGY** is a business entity that regularly conducts business and collection activity in the State of Florida and, as such, is a citizen of the State of Florida.

## VENUE

10.   The venue in the United States District Court for the Middle District of Florida is proper and based upon the following:

   a. The violations of the **FDCPA** alleged below occurred and/or were committed in **Duval County,** in the State of Florida within the Middle District of Florida;

b. At all times material hereto, the Defendant **ARM**, was and continues to be a corporation engaged in business activities in **Duval County**, Florida and as such is a citizen of the State of Florida.

c. At all times material hereto, the Defendant **ARR**, was and continues to be a corporation engaged in business activities in **Duval County**, Florida and as such is a citizen of the State of Florida.

d. At all times material hereto, the Defendant **BAPTIST**, was and continues to be a corporation engaged in business activities in **Duval County**, Florida and as such is a citizen of the State of Florida.

e. At all times material hereto, the Defendant **BRS**, was and continues to be a corporation engaged in business activities in **Duval County**, Florida and as such is a citizen of the State of Florida.

f. At all times material hereto, the Defendant **CITY**, was and continues to be a corporation engaged in business activities in **Duval County**, Florida and as such is a citizen of the State of Florida.

g. At all times material hereto, the Defendant **DBMM**, was and continues to be a corporation engaged in business activities in **Duval County**, Florida and as such is a citizen of the State of Florida.

h. At all times material hereto, the Defendant **PATHOLOGY**, was and continues to be a corporation engaged in business activities in **Duval County**, Florida and as such is a citizen of the State of Florida.

11.   The **Plaintiff**, is an individual residing in **Duval County**, Florida and is a "consumer" as that term is defined by 15 U.S.C. §§ 1692 et seq.

## FACTS COMMON TO ALL COUNTS

12.   **Plaintiff** is an "individual consumer" as defined by the **FDCPA** and is alleged to have incurred a financial obligation relating to an alleged debt with Defendants, **ARM**, **ARR**, **BRS**, **BAPTIST, CITY, DBMM, and PATHOLOGY**.

13.   The **Plaintiff** was injured in a work related accident and filed a claim for Florida Workers' Compensation Benefits pursuant to FS §440 *et seq.*

14.   Defendant's **ARM, ARR, BRS, BAPTIST, CITY, DBMM, and PATHOLOGY** were notified that plaintiff was injured in a work related accident which would be covered by Workers' Compensation.

15.   As a result of this accident **Plaintiff** sought and received medical treatment and care for her work related injuries and the case was ultimately settled with her Employer and workers' compensation insurance carrier who agreed to be responsible for all related medical bills. *See* **Exhibit "A"**.

16.   In a letter dated August 27, 2009 Defendant, **ARM**  attempted to collect and alleged debt for $939.60 from the **Plaintiff** for medical services that the **Plaintiff** received from Defendant **BAPTIST** which should have been covered under **Plaintiff's** workers compensation benefits. *See* **Exhibit "B"**.

17.   In  letters dated August 10, 2009 and October 2, 2009, Defendant, **ARR** attempted to collect and alleged debt for $410.00 from the **Plaintiff** for medical services that the **Plaintiff** received from Defendant **BAPTIST** which should have been covered under **Plaintiff's** workers compensation benefits. *See* **Exhibit "C"**.

18.   In a letter dated July 19, 2009 Defendant, **BRS** attempted to collect and alleged debt for $216.00 from the **Plaintiff** for medical services that the **Plaintiff** received from Defendant **DBMM** which should have been covered under **Plaintiff's** workers compensation benefits. *See* **Exhibit "D"**.

19.   In letters dated April 8, 2009 and July 7, 2009, Defendant, **BAPTIST** attempted to collect and alleged debt in the amount of $939.60 from the **Plaintiff** for medical services which should have been covered under **Plaintiff's** workers compensation benefits. *See* **Exhibit "E"**.

20.   In letters dated April 9, 2009 and September 28, 2009 Defendant, **CITY** attempted to collect and alleged debt in the amount of $655.00

from the **Plaintiff** for medical services which should have been covered under **Plaintiff's** workers compensation benefits. *See* **Exhibit "F"**.

21.     In a letter dated April 7, 2009 Defendant, **DBMM** attempted to collect and alleged debt in the amount of $216.00 from the **Plaintiff** for medical services which should have been covered under **Plaintiff's** workers compensation benefits. *See* **Exhibit "G"**.

22.     In a letter dated April 13, 2009 Defendant, **PATHOLOGY** attempted to collect and alleged debt in the amount of $7.00 from the **Plaintiff** for medical services which should have been covered under **Plaintiff's** workers compensation benefits. *See* **Exhibit "H"**.

23.     Defendants **ARM**, **ARR**, **BRS**, **BAPTIST**, **CITY**, **DBMM, and PATHOLOGY** attempted to collect the alleged debt not permitted by law since collection of the alleged debt violates Florida Statute §440.13(3)(g)&(i) and 440.13(14)(a-c). An injured worker is not liable for payment for medical treatment or services related to a workers' compensation accident and furthermore a medical provider may not collect nor receive a fee from an injured worker.

24.     That the attempt to collect the alleged debt was unlawful and illegitimate as the Defendants are barred from such right by F.S. 440.13(3) and 440.13(14) and 15 U.S.C. 1692f(1).

25.    That the Defendants **ARM**, **ARR**, **BRS**, **BAPTIST, CITY, DBMM and PATHOLOGY** knowingly attempted to collect the alleged debt in violation of FS §440 and as such their conduct was intentional and willful.

## COUNT ONE
## VIOLATION OF THE FDCPA – 15 U.S.C. §§ 1692 et seq.
## BY DEFENDANT ARM

26.    **Plaintiff** re-alleges and incorporates paragraphs 1 through 24 above as if fully stated herein.

27.    Upon information and belief, the foregoing acts and omissions of Defendant **ARM** as further described within this Complaint, constitute violations of certain provisions of the **FDCPA**, and as such, each and every provision of 15 U.S.C. §§ 1692 et seq., are at issue.

28.    Upon information and belief, Defendant **ARM** has specifically violated 15 U.S.C. § 1692f by using unfair and unconscionable means in an attempt to collect a debt **Plaintiff** did not owe.

29.    Upon information and belief, Defendant **ARM** has specifically violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not permitted by law when they attempted to collect a debt which the **Plaintiff** did not owe.

30.    As a result of this violation of the **FDCPA** by Defendant **ARM** the Plaintiff has suffered out of pocket expenses as well as other actual damages and is therefore entitled to an award of damages pursuant to 15 U.S.C. § 1692k(a)(1-3) from Defendant **ARM**.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays that a judgment be entered against Defendant **ARM** for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2); the costs associated with litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and such other relief the Court deems just, equitable and proper.

**COUNT TWO**
**VIOLATION OF THE FDCPA – 15 U.S.C. §§ 1692 et seq.**
**BY DEFENDANT ARR**

31.   **Plaintiff** re-alleges and incorporates paragraphs 1 through 24 above as if fully stated herein.

32.   Upon information and belief, the foregoing acts and omissions of Defendant **ARR** as further described within this Complaint, constitute violations of certain provisions of the **FDCPA**, and as such, each and every provision of 15 U.S.C. §§ 1692 et seq., are at issue.

33.   Upon information and belief, Defendant **ARR** has specifically violated 15 U.S.C. § 1692f by using unfair and unconscionable means in an attempt to collect a debt **Plaintiff** did not owe.

34.   Upon information and belief, Defendant **ARR** has specifically violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not permitted by law when they attempted to collect a debt which the **Plaintiff** did not owe.

35.   Upon information and belief, Defendant **ARR**, has specifically violated 15 U.S.C. § 1692(g), by failing to send the consumer a 30-day validation notice within five days of the initial communication on October 2, 2009 to collect a debt not owed by the **Plaintiff**.

36.   As a result of this violation of the **FDCPA** by Defendant **ARR**, the Plaintiff has suffered out of pocket expenses as well as other actual damages and is therefore entitled to an award of damages pursuant to 15 U.S.C. § 1692k(a)(1-3) from Defendant **ARR**.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that a judgment be entered against Defendant **ARR** for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2); the costs associated with litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and such other relief the Court deems just, equitable and proper.

### COUNT THREE
### VIOLATION OF THE FDCPA – 15 U.S.C. §§ 1692 et seq.
### BY DEFENDANT BRS

37.   **Plaintiff** re-alleges and incorporates paragraphs 1 through 24 above as if fully stated herein.

38.   Upon information and belief, the foregoing acts and omissions of Defendant **BRS** as further described within this Complaint, constitute

violations of certain provisions of the **FDCPA**, and as such, each and every provision of 15 U.S.C. §§ 1692 et seq., are at issue.

39.    Upon information and belief, Defendant **BRS** has specifically violated 15 U.S.C. § 1692f by using unfair and unconscionable means in an attempt to collect a debt **Plaintiff** did not owe.

40.    Upon information and belief, Defendant **BRS** has specifically violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not permitted by law when they attempted to collect a debt which the **Plaintiff** did not owe.

41.    As a result of this violation of the **FDCPA** by Defendant **BRS**, the Plaintiff has suffered out of pocket expenses as well as other actual damages and is therefore entitled to an award of damages pursuant to 15 U.S.C. § 1692k(a)(1-3) from Defendant **BRS**.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE,** Plaintiff respectfully prays that a judgment be entered against Defendant **BRS** for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2); the costs associated with litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and such other relief the Court deems just, equitable and proper.

### COUNT FOUR
### VIOLATION OF THE FLORIDA CONSUMER COLLECTION
### PRACTICES ACT (FCCPA) BY DEFENDANT ARM

42.   Plaintiff re-alleges and incorporates paragraphs 1 through 24 above as if fully stated herein.

43.   That Defendant **ARM** violated the Florida Consumer Collection Practices Act §§ 559 *et seq.* including, but not limited to, violations of Fla. Stat. § 559.72(9), by attempting to collect an alleged debt which should have been paid in full, by the workers compensation insurance agency because it was the result of a worker's compensation injury.

### PRAYER FOR RELIEF

**WHEREFORE**, **Plaintiff** respectfully prays that a judgment be entered against Defendant **ARM** for an award of:

a.     Statutory damages;

b.     Attorney's fees, litigation expenses and costs of suit;

c.     Such other relief the Court deems just, equitable and proper, including punitive damages and equitable relief.

### COUNT FIVE
### VIOLATION OF THE FLORIDA CONSUMER COLLECTION
### PRACTICES ACT (FCCPA) BY DEFENDANT ARR

44.   Plaintiff re-alleges and incorporates paragraphs 1 through 24 above as if fully stated herein.

45.   That Defendants **ARR** violated the Florida Consumer Collection Practices Act §§ 559 *et seq.* including, but not limited to, violations of Fla.

Stat. § 559.72(9), by attempting to collect an alleged debt which should have been paid in full, by the workers compensation insurance agency because it was the result of a worker's compensation injury.

### PRAYER FOR RELIEF

**WHEREFORE**, **Plaintiff** respectfully prays that a judgment be entered against Defendant **ARR** for an award of:

d.  Statutory damages;

e.  Attorney's fees, litigation expenses and costs of suit;

f.  Such other relief the Court deems just, equitable and proper, including punitive damages and equitable relief.

### COUNT SIX
### VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) BY DEFENDANT BRS

46.  Plaintiff re-alleges and incorporates paragraphs 1 through 24 above as if fully stated herein.

47.  That Defendant **BRS** violated the Florida Consumer Collection Practices Act §§ 559 *et seq.* including, but not limited to, violations of Fla. Stat. § 559.72(9), by attempting to collect an alleged debt which should have been paid in full, by the workers compensation insurance agency because it was the result of a worker's compensation injury.

### PRAYER FOR RELIEF

**WHEREFORE**, **Plaintiff** respectfully prays that a judgment be entered against Defendant **BRS** for an award of:

g.   Statutory damages;

h.   Attorney's fees, litigation expenses and costs of suit;

i.   Such other relief the Court deems just, equitable and proper, including punitive damages and equitable relief.

## COUNT SEVEN
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) BY DEFENDANT BAPTIST

48.   Plaintiff re-alleges and incorporates paragraphs 1 through 24 above as if fully stated herein.

49.   That Defendant **BAPTIST** violated the Florida Consumer Collection Practices Act §§ 559 *et seq.* including, but not limited to, violations of Fla. Stat. § 559.72(9), by attempting to collect an alleged debt which should have been paid in full, by the workers compensation insurance agency because it was the result of a worker's compensation injury.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff** respectfully prays that a judgment be entered against Defendant **BAPTIST** for an award of:

j.   Statutory damages;

k.   Attorney's fees, litigation expenses and costs of suit;

l.   Such other relief the Court deems just, equitable and proper, including punitive damages and equitable relief.

Page **14** of **17**

## COUNT EIGHT
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) BY DEFENDANT CITY

50.    Plaintiff re-alleges and incorporates paragraphs 1 through 24 above as if fully stated herein.

51.    That Defendant **CITY** violated the Florida Consumer Collection Practices Act §§ 559 *et seq.* including, but not limited to, violations of Fla. Stat. § 559.72(9), by attempting to collect an alleged debt which should have been paid in full, by the workers compensation insurance agency because it was the result of a worker's compensation injury.

## PRAYER FOR RELIEF

**WHEREFORE**, **Plaintiff** respectfully prays that a judgment be entered against Defendant **CITY** for an award of:

m.    Statutory damages;

n.    Attorney's fees, litigation expenses and costs of suit;

o.    Such other relief the Court deems just, equitable and proper, including punitive damages and equitable relief.

## COUNT NINE
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) BY DEFENDANT DBMM

52.    Plaintiff re-alleges and incorporates paragraphs 1 through 24 above as if fully stated herein.

53.    That Defendant **DBMM** violated the Florida Consumer Collection Practices Act §§ 559 *et seq.* including, but not limited to, violations of Fla.

Stat. § 559.72(9), by attempting to collect an alleged debt which should have been paid in full, by the workers compensation insurance agency because it was the result of a worker's compensation injury.

## PRAYER FOR RELIEF

**WHEREFORE**, **Plaintiff** respectfully prays that a judgment be entered against Defendant **DBMM** for an award of:

p.    Statutory damages;

q.    Attorney's fees, litigation expenses and costs of suit;

r.    Such other relief the Court deems just, equitable and proper, including punitive damages and equitable relief.

## COUNT TEN
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) BY DEFENDANT PATHOLOGY

54.    Plaintiff re-alleges and incorporates paragraphs 1 through 24 above as if fully stated herein.

55.    That Defendant **PATHOLOGY** violated the Florida Consumer Collection Practices Act §§ 559 *et seq.* including, but not limited to, violations of Fla. Stat. § 559.72(9), by attempting to collect an alleged debt which should have been paid in full, by the workers compensation insurance agency because it was the result of a worker's compensation injury.

## PRAYER FOR RELIEF

**WHEREFORE**, **Plaintiff** respectfully prays that a judgment be entered against Defendant **PATHOLOGY** for an award of:

s.     Statutory damages;

t.     Attorney's fees, litigation expenses and costs of suit;

u.     Such other relief the Court deems just, equitable and proper, including punitive damages and equitable relief.

Dated this 16th day of April, 2010.

Respectfully Submitted by,

**Filed by:**
**Paul A. Herman, Esq.**
**Attorney for Plaintiff**
**FL Bar #0405175**
**The Fair Credit Law Group, LLC**
**3330 NW 53rd Street #306**
**Fort Lauderdale, FL 33309**
**Tel: 954-334-9100**
**Fax: 954-986-4777**