# EXHIBIT "A"

STATE OF FLORIDA
DIVISION OF ADMINISTRATIVE HEARINGS
OFFICE OF THE JUDGE OF COMPENSATION CLAIMS
JACKSONVILLE

CLAIMANT:
Sierra Bronner

Jacksonville, FL

EMPLOYER:
First America - 2060 West
2060 West 21st Street
Jacksonville, FL 32209

CARRIER/SERVICING AGENT:
Gallagher Bassett - First Group
1842 Centre Point Circle, Suite 103S
Naperville, IL 60563

ATTORNEY FOR THE CLAIMANT:
Paul M. Doolittle, Esquire
4811 Atlantic Blvd., Suite 3
Jacksonville, FL 32207

ATTORNEY FOR EMPLOYER/
CARRIER/SERVICING AGENT:
Philip R. Augustine, Esquire
P.O. Box 945050
Maitland, FL 32794

OJCC NO.: 09-018337SLR

D/A: 03/19/09

## MOTION FOR APPROVAL OF ATTORNEY'S FEE AND ALLOCATION OF CHILD SUPPORT ARREARAGE FOR SETTLEMENTS UNDER SECTION 440.20(11)(c), (d) & (e), FLORIDA STATUTES

1. The parties have reached a settlement agreement arising out of the above-captioned industrial accident(s).

2. Pursuant to the contract of representation, the claimant has agreed to pay his attorney a fee for services rendered in obtaining this settlement.

3. The total amount of the settlement is $5,000.00. The claimant agrees to pay and counsel agrees to accept the sum of $1,000.00, which is within the statutory percentages set forth in section 440.34, Florida Statutes. The claimant's net settlement after fees will be $4,000.00 less $___Ø___ in costs.

4. The claimant understands that he may request a hearing to determine a reasonable fee to be paid under the circumstances of this case. The claimant waives his right to a hearing on this issue.

5. According to the attached information, there is an outstanding child support arrearage of $_____. The claimant agrees that the sum of $_____ shall be withheld from the settlement proceeds and paid

OJCC Case #: 09-018337SLR
Page #: Page 1 of 1

directly to the proper authorities. The claimant's attorney is responsible for paying the child support arrearage, if any, to the proper authorities.

6. The claimant's attorney stipulates and agrees that upon entry of an Order by the Judge of Compensation Claims approving this Motion, any and all attorney's fee issues against the claimant and/or the employer/carrier/servicing agent are resolved and dismissed with prejudice.

WHEREFORE, the claimant and the undersigned counsel request entry of an Order approving the attorney's fee to be paid from the settlement proceeds and the child support arrearage allocation under this settlement.

Dated this _____ day of _____, 2009.


_____          _____
Sierra Bronner, Claimant             Paul M. Doolittle, Esquire
                                     Attorney for Claimant

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been mailed on this _____ day of _____, 2009 to Paul M. Doolittle, Esquire, 4811 Atlantic Blvd., Suite 3, Jacksonville, FL 32207.


                                     _____
                                     Philip R. Augustine, Esquire
                                     Certifying Attorney

STATE OF FLORIDA
DIVISION OF ADMINISTRATIVE HEARINGS
OFFICE OF THE JUDGE OF COMPENSATION CLAIMS
JACKSONVILLE

**CLAIMANT:**
Sierra Bronner
Jacksonville, FL

**ATTORNEY FOR THE CLAIMANT:**
Paul M. Doolittle, Esquire
4811 Atlantic Blvd., Suite 3
Jacksonville, FL 32207

**EMPLOYER:**
First America - 2060 West
2060 West 21st Street
Jacksonville, FL 32209

**ATTORNEY FOR EMPLOYER/ CARRIER/SERVICING AGENT:**
Philip R. Augustine, Esquire
P.O. Box 945050
Maitland, FL 32794

**CARRIER/SERVICING AGENT:**
Gallagher Bassett - First Group
1842 Centre Point Circle, Suite 103S
Naperville, IL 60563

**OJCC NO.:** 09-018337SLR

**D/A:** 03/19/09

## NOTICE OF VOLUNTARY DISMISSAL WITH PREJUDICE

The claims for the above-referenced date of accident have been settled and resolved pursuant to §440.20 (11)(c)-(e). Therefore, the claimant, by and through his undersigned attorney, hereby files this, his Notice of Voluntary Dismissal of all Claims and/or Petitions for Benefits with prejudice.

I HEREBY CERTIFY that the original was mailed to the Honorable S. L. Rosen, Judge of Compensation Claims, 1809 Art Museum Drive, Ste 200, Jacksonville, FL 32207 and a true copy hereof has been furnished to Philip R. Augustine, Esquire, P.O. Box 945050, Maitland, FL 32794 by U.S. Mail this _____ day of _____, 2009.

Paul M. Doolittle, Esquire
4811 Atlantic Blvd., Suite 3
Jacksonville, FL 32207
Fla. Bar No.: 829145
Attorney for Claimant

OJCC Case #: 09-018337SLR
Page #: Page 1 of 1

## PAUL M. DOOLITTLE, P.A. SETTLEMENT STATEMENT

1. My name is Sierra Bronner and I am the Claimant in Division of Workers' Compensation OJCC No. 09-018337SLR in which First America - 2060 West is the Employer and Gallagher Bassett is the Carrier concerning an industrial accident that occurred on or about March 19, 2009.

2. My claim has been settled for a lump sum payment to me in the amount of $5,000.00, said amount including $1,000.00 for attorney's fees and $0.00 for costs. I will net $4,000.00 from the settlement.

3. I understand that the settlement is the equivalent of a complete release with regard to any and all past as well as future benefits of any kind or classification available under the Florida Workers' Compensation Act including, but not limited to, monetary compensation benefits, medical benefits, rehabilitation benefits and/or expenses, attorney's fees, and any other benefits provided under Chapter 440 to which I might be entitled on account of my work-related accident or occupational disease, and that upon this settlement being approved by Order of the Judge of Compensation Claims, this matter cannot be reopened for any further benefits and/or expenses under the Florida Workers' Compensation Law.

4. I understand that the Carrier will not be liable for any future medical expenses: medical expenses will be my own responsibility. I further acknowledge that settling future medical benefits is speculative. I have been warned that there may be a need for future surgery and/or hospitalization, and the money received may not compensate for the actual expense. I understand that medical treatment is extremely expensive, and the costs rise rapidly every year. I have had the opportunity to consult with my physician regarding future problems and complications, and it is my desire to proceed with this settlement.

5. I specifically acknowledge that Medicare is not responsible for treatment for the workers' compensation injuries. I understand that I must save receipts for medical treatment and once they exceed the amount for which I settled for my future medicals, I may then be entitled to have Medicare provide benefits. However, Medicare may view the settlement differently and my attorney can in no way represent what Medicare or Medicaid will or will not do with respect to medical care.

6. I understand that if I have applied or should ever apply for Social Security disability, Medicare, or Medicaid benefits, my attorney cannot guarantee that the Social Security Administration and/or Medicare/Medicaid will not apply my settlement proceeds herein to offset any benefits I might be awarded. Furthermore, I understand that if I am receiving or do receive Supplemental Security Income (SSI) benefits, or Medicaid assistance/benefits, and settle my workers' compensation claims, those SSI benefits and Medicaid benefits may cease. I further acknowledge that I have a duty to immediately report the settlement monies to Medicaid/Social Security Administration if I am receiving SSI or Medicaid. I understand that I must also advise the Social Security Administration of this settlement if I am receiving Social Security Disability benefits.

7. I acknowledge that my injuries may not be covered under another employer's group health

insurance if the policy contains an exclusion for pre-existing conditions.

8. I understand that I am under no compulsion to settle my claim and am doing so voluntarily and of my own free will. I am under no undue coercion to sign the settlement documents, i.e., I am not under the influence of alcohol or drugs, prescription or otherwise.

9. I understand that under the Florida Workers' Compensation Law, I have the right to pursue my claim, to go to hearings, and have a Judge of Compensation Claims determine what further benefits, if any, to which I might be entitled. I also understand that this settlement is not my only remedy or way of handling my claim.

10. I understand that by agreeing to settle my claim as provided under Chapter 440, I am waiving and giving up any rights that I would have to further pursue my claim.

11. I understand that if the Judge of Compensation Claims enters an Order approving this settlement, it will be a final Order and not subject to modification, change, or review.

12. I believe this Motion for Approval of Attorney's Fee and Allocation of Child Support Arrearage for Settlements Under Section 440.20 (11)(c), (d) & (e), Florida Statutes to be in my best interest and request that it be approved. It is my desire and request that the Judge of Compensation Claims enter an Order approving this settlement.

13. I agree not to make any expenditures until the Judge of Compensation Claims signs the Order approving the settlement. There is no guarantee as to when this matter will come to a conclusion.

14. I certify there are no prior attorney liens, Medicare, Medicaid, child support or doctor liens or liens of any kind. I also certify that Medicare has not paid any medical bills resulting from my workers' compensation injury and Medicaid had not paid any medical bills for any reason.

15. I acknowledge that my attorney does not handle labor related cases and has no expertise in that area nor gave any advice on the value of any labor related claim. I have been advised to obtain a labor lawyer to obtain advice on the value of any Americans With Disability Act claim prior to settling my workers' compensation claim. The law firm of Paul M. Doolittle, P.A. did not give any advice as to the value of any additional claims against the Employer. In other words, I may be able to sue my Employer for violating the accommodations to my disability. However, language in my settlement may be used against me to defeat a claim of Americans With Disability Act, sexual discrimination, sexual harassment or age discrimination. The law firm of Paul M. Doolittle, P.A. did not advise me whether I have an Americans With Disability Act case or its potential value. Americans With Disability Act claims are separate from workers' compensation and it is suggested I contact another attorney specializing in Americans With Disability Act claims for their opinion on the value of the claim.

_____  _____
DATE                          SIERRA BRONNER

EMPLOYEE:
Sierra Bronner
~~[redacted]~~
Jacksonville, FL ~~[redacted]~~

OJCC NO.: 09-018337SLR

ATTORNEY FOR THE EMPLOYEE:
Paul M. Doolittle, Esquire
4811 Atlantic Blvd., Suite 3
Jacksonville, FL 32207

D/A: 03/19/09

## RELEASE OF ALL CLAIMS AND AFFIDAVIT
## PURSUANT TO §440.20(11)(c), (d), and (e), Florida Statutes, 2001

    I am Sierra Bronner. My Social Security number is ~~[redacted]~~6663 and I am represented by attorney, Paul M. Doolittle, Esquire. I was or claim to have been injured on or about March 19, 2009 in the city of Jacksonville, Duval County, Florida, as the result of an accident arising out of and in the course of my employment with First America - 2060 West, who is insured by Gallagher Bassett - First Group, and/or has as its servicing agent Gallagher Bassett - First Group or one of their affiliates. I understand that I am referred to in this Release as Employee.

    For the sole consideration of the payment to me of the sum of $5,000.00, the receipt of which is hereby acknowledged, I, Sierra Bronner, Employee, and my heirs, executors, administrators, and assigns, hereinafter collectively referred to as EMPLOYEE being under no legal disability, do hereby release, acquit and forever discharge, and for my heirs, executors, administrators, and assigns do hereby remise, release and forever discharge First America - 2060 West, Employer and Gallagher Bassett - First Group, Carrier and Gallagher Bassett - First Group, Servicing Agent, (including any parent or subsidiary company or any workers' compensation insurance carrier including excess carriers, of this employer which might be liable to me under the Worker' Compensation Laws of the State of Florida (Chapter 440, Florida Statutes), herein collectively referred to as EMPLOYER/CARRIER, and their successors and assigns, heirs, executors, employees, attorneys, agents and administrators, from any and all actions, causes of action rights, claims, demands, damages, costs, loss of services, expenses, and attorney's fees, on account of, or in any way growing out of, any and all known or unknown, foreseen and unforeseen, bodily and personal injuries, and the consequences thereof, resulting or to result from the on the job injury which, as stated above, occurred on or about March 19, 2009 in Jacksonville, Duval County, Florida, for which I made a claim for workers' compensation benefits under ~~[redacted]~~6663 (SSN), 09-018337SLR (OJCC). I understand that this Release discharges the EMPLOYER/CARRIER from any further liability for past or future compensation benefits, past and future medical benefits, rehabilitation benefits, temporary total disability benefits for training and education, death benefits, attorney's fees and costs, and any other benefits provided under the Florida Workers' Compensation Law.

    I hereby represent that the injuries sustained by me may be permanent and progressive and that recovery therefrom is uncertain and indefinite. In agreeing to settle this claim I am

_____
EMPLOYEE

1

relying upon my own judgment and not upon the representations of the EMPLOYER/CARRIER or their representatives. I have had the opportunity to discuss this matter with my attorney, and have discussed with him the benefits that I am giving up. I understand that despite any estimate of future medical care I may have been given, or any medical prognosis I may have been given, this settlement ends all rights that I have under the Florida Workers' Compensation Law against the EMPLOYER/CARRIER and I will not be able to come back and seek additional benefits. In making this settlement I have relied upon my own judgment, belief and knowledge, including advice from my attorney regarding the extent and duration of my injuries, and have not been influenced to any extent into signing this release by any representations or statements regarding my injuries, or regarding other matters, made by the EMPLOYER/CARRIER or their representatives or agents. I understand that if I later find that my current belief concerning the nature and extent of my injuries, and need for medical care, to be mistaken, I will be unable to seek additional benefits from the EMPLOYER/CARRIER. That is, I understand that regardless of what may happen to me in the future, this settlement is final and this Release cannot be appealed or later set aside.

I hereby represent and understand that I, Sierra Bronner, EMPLOYEE, and not the EMPLOYER/CARRIER, will be responsible for all medical treatment incurred or obtained by me in the past or future.

I, Sierra Bronner, EMPLOYEE represent that no services, medicines, medical appliance, x-rays or medical treatment of any kind, was received by the EMPLOYEE from any Veterans Hospital, Navy or Military Hospital, or any other medical institution maintained by the United States Government, as a result of the incident described herein. The EMPLOYEE further represents that no medical bills or services have been paid to or on the EMPLOYEE'S behalf by Medicaid or Medicare as the result of the on the job injury referenced herein.

According to information dated _____, which I have received from the Department of Revenue or the Clerk of the Circuit Court, I owe $_____ in child support arrearage. I authorize my attorney to withhold $_____ from my settlement proceeds and pay that amount to reduce or eliminate any child support arrearage that I may have. Child Support information is attached. While the Judge of Compensation Claims may approve this allocation, the EMPLOYEE understands that this is not binding on the Department of Revenue and EMPLOYEE'S counsel is making no representation that the Department of Revenue will accept this allocation as a complete satisfaction of the outstanding child support.

It is agreed by the parties that the EMPLOYEE and/or his attorney will be responsible for issuing the appropriate check for child support payment to the appropriate depository.

EMPLOYEE has been represented by Paul M. Doolittle, Esquire who is entitled to a fee for legal services rendered. EMPLOYEE will pay to his attorney the sum of $1,000.00 out of the above settlement, which is a reasonable fee for services rendered and is within the guidelines set forth in 440.34(1). EMPLOYEE has been informed of the right to a hearing on the amount of the fee and any costs and waives his right to such a hearing. EMPLOYEE shall also pay to his

_____
EMPLOYEE

2

attorney the sum of $_____ for any costs that may have been incurred in this matter. I understand that I, and not the EMPLOYER/CARRIER, am responsible for any and all liens filed or held by any of my former or prior attorneys.

In signing this release I hereby undertake and agree to defend, indemnify and hold harmless the EMPLOYER/CARRIER and those making payment for and on behalf of said EMPLOYER/CARRIER in connection with this settlement, against any and all suits, liens, losses, costs, expenses and attorney's fees claimed or incurred as a result of the payments described herein and/or arising out of the injury which is the subject of the above referenced Workers' Compensation Claim, or in any other aspect, including all such losses, costs, expenses and attorney's fees incurred in the enforcement of this Release and Affidavit.

I understand this Release shall be interpreted in accordance with and governed in all respects by the laws of the State of Florida.

If any provision, or any part of any provision of this Release, shall for any reason be held to be invalid, unenforceable or contrary to public policy or any law, then the remainder of this Release shall not be affected thereby. The parties hereby agree that, if some operation of law, or for any other reason, this Release is overturned in the future, all monies paid under this Release will not be deemed to be a gratuity but instead will be a credit against any future benefits including but not limited to indemnity and medical benefits that may be due to the EMPLOYEE.

Within 14 days of receipt, counsel for EMPLOYEE will mail to counsel for EMPLOYER/CARRIER the executed Release of All Claims and Affidavit. The EMPLOYEE and the undersigned attorney agree that the payment of the settlement funds pursuant to this Release shall be mailed to EMPLOYEE'S attorney within 30 days of receipt of the following documents by the Attorney for the EMPLOYER/CARRIER, whichever occurs last: receipt of this executed Release and receipt of the Order approving Motion for Approval of Attorney Fees and Child Support Allocation. The EMPLOYEE understands that, at their option, the payors may issue a separate check for the attorney's fee.

This Release includes any and all dates of accident, whether reported or not, for EMPLOYEE with this EMPLOYER. All pending claims pertaining to the accident hereto are hereby voluntarily dismissed with prejudice upon the occurrence of the following two events:

(A) Entry of an Order Approving the Motion for Attorney's Fees and Child Support Allocation.
(B) Mailing of the settlement funds by EMPLOYER/CARRIER, pursuant to this Release.

The undersigned EMPLOYEE hereby agrees to cooperate fully and execute any and all supplemental documents if any are required to fully comply with this Release.

_____
EMPLOYEE

3

This Release contains the Entire Agreement between the parties hereto, and the terms of this Release are contractual and not a mere recital.

EMPLOYEE further states that he has carefully read the foregoing Release and knows and understand the contents thereof, and he signs the same as his own free act.

Witness my hand and seal this _____ day of _____, 2009. Sealed and delivered in the presence of:

### CAUTION!! READ BEFORE SIGNING

This Release was signed by the EMPLOYEE on the _____ day of _____, 2009 and by the representative of the EMPLOYEE on the _____ day of _____, 2009.

_____      _____
WITNESS                          Sierra Bronner, EMPLOYEE

_____
WITNESS

STATE OF FLORIDA
COUNTY OF DUVAL

_____
NOTARY PUBLIC

My Commission expires:

_____
Paul M. Doolittle
ATTORNEY FOR EMPLOYEE

_____
EMPLOYEE

4

## State of Florida, Office of the Judges of Compensation Claims

| | | |
|---|---|---|
| Sierra Bronner | Claimant | Date of Accident: 03/19/09 |
| v. | | |
| First America - 2060 West | Employer | OJCC No.: 09-018337SLR |

### Attorney Fee Data Sheet- Washout Settlement

Use this form to report any attorney fee sought in connection with a settlement. If an Additional Attorney Fee Characterized as being "paid by the carrier" is sought in connection with the settlement, that fee must be reported separately on form AFDS-WOA. Fees sought in cases which are not being finally settled must be reported instead on form AFDS-INT.

1. Total amount paid to obtain settlement (including all fees and costs, but exclusive of any fees being reported on form AFDS-WOA in this case): $5,000.00
2. Value of benefits previously paid to or on behalf of claimant, due to attorney's efforts, for which no attorney fee has been paid to date: $
3. Total amount of claimant's outstanding child support obligation, if any: $0.00
4. Amount of settlement proposed to be allocated to child support: $0.00
5. Amount of Settlement Proceeds allocated to attorney's fees (exclusive of any fees reported on form AFDS-WOA in this case): $1,000.00
6. Sum of all other attorneys' fees previously paid in this case: $
7. Amount of costs to be paid from settlement proceeds: $0.00
8. Relationship of Proposed Fee to Statutory Percentage Formula (select one)
8(a). Attorney fee is pursuant to statutory percentage formula. ✓
8(b). Statutory formula results in unreasonably low hourly rate (Accidents prior to 10-1-03, Davis v. Keeto, 463 So. 2d 368 (1st DCA 1985)). ☐

Enter hours here: [        ]

8(c). Medical Only Claim (Accidents after 9-30-03)(S. 440.34(7) F.S.). ☐

Enter hours here: [        ]

8(d). Other basis, or statutory formula does not apply. ☐
8(e). If "other basis" is checked, enter explanation (500 char. max.):

[                                                                              ]

9. Check here if an attorney fee requiring submission of form AFDS-WOA is being sought in this case. ☐

By submitting this document, the attorney attests each entry is accurate and consistent with applicable instructions, to the best of his or her knowledge, information, and belief.

Attorney's Name: Paul / Doolittle
         First      Last
Florida Bar Number: 829145

_____   _____
Attorney's Signature   Date

OJCC Form AFDS-WO
Created 7/1/2005

STATE OF FLORIDA
DIVISION OF ADMINISTRATIVE HEARINGS
OFFICE OF JUDGE OF COMPENSATION CLAIMS
JACKSONVILLE DISTRICT OFFICE

Sierra Bronner,      OJCC No.:   09-018337SLR

vs.      D/Accident:   03/19/09

First America - 2060 West and      Judge:   Stephen L. Rosen
Gallagher Bassett - First Group

## COST REIMBURSEMENT DATA SHEET

(A)   No Costs:

1.   √   No costs are being paid to the undersigned attorney in conjunction with the §440.20(11)(c) settlement.
2.   ____   A stipulation for payment of attorney's fees has been submitted for approval, and no costs are being paid to the undersigned attorney in conjunction with that stipulation.

(B)   Costs payable by Claimant:

1.   ____   Costs of $_____ are being paid by the Claimant and deducted from the Claimant's settlement. Those costs are the costs being paid by the Claimant to Claimant's counsel.
2.   ____   A stipulation for payment of attorney's fees has been submitted for approval. Costs of $_____ are being paid by the Claimant. Those costs are the only costs payable by the Claimant to Claimant's counsel.

(C)   Costs payable by the Employer/Carrier:

1.   ____   Costs of $_____ are being paid by the Employer/Carrier/Servicing Agent to Claimant's counsel. Those costs are the only costs being paid by the Employer/Carrier/Servicing Agent to Claimant's counsel.
2.   ____   A stipulation for payment of attorney's fees has been submitted for approval. Costs of $_____ are being paid by the Employer/Carrier/Servicing Agent. Those costs are the only costs payable by the Employer/Carrier/Servicing Agent to Claimant's counsel.

By submitting this document, the undersigned attorney attests that each entry is accurate to the best of his or her knowledge, information and belief.

Attorney's Name:     Paul M. Doolittle, Esquire     Florida Bar:   829145

Signature:   _____     Date: _____

STATE OF FLORIDA
DIVISION OF ADMINISTRATIVE HEARINGS
OFFICE OF THE JUDGE OF COMPENSATION CLAIMS
JACKSONVILLE

CLAIMANT:

Jacksonville, FL

EMPLOYER:
First America - 2060 West
2060 West 21st Street
Jacksonville, FL 32209

CARRIER/SERVICING AGENT:
Gallagher Bassett - First Group
1842 Centre Point Circle, Suite 103S
Naperville, IL 60563

ATTORNEY FOR THE CLAIMANT:
Paul M. Doolittle, Esquire
4811 Atlantic Blvd., Suite 3
Jacksonville, FL 32207

ATTORNEY FOR EMPLOYER/
CARRIER/SERVICING AGENT:
Philip R. Augustine, Esquire
P.O. Box 945050
Maitland, FL 32794

OJCC NO.:      09-018337SLR

D/A:           03/19/09

## CHILD SUPPORT AFFIDAVIT OF EMPLOYEE/CLAIMANT

I, Sierra Bronner, hereby swear and affirm that I have no outstanding child support arrearages (other than those already disclosed herewith) to my knowledge at this time.

Further, Affiant sayeth naught.

_____
Sierra Bronner
Employee/Claimant

STATE OF FLORIDA
COUNTY OF _____

Sworn to and subscribed before me by Sierra Bronner, this _____ day of _____, 2009, and who is either ____ personally known to me, or ____ has produced identification in the form of _____.

_____
Notary Public
My Commission Expires:

OJCC Case #:   09-018337SLR
Page #:        Page 1 of 1